2026 IL App (1st) 250146-U

No. 1-25-0146

Order filed July 10, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| V. RUBI VAZQUEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M3 003488 |
| | ) | |
| MARCO NAVARRETE and MJ AUTO SERVICE, | ) | Honorable |
| | ) | James P. Pieczonka, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the judgment of the trial court where plaintiff failed to provide a sufficiently complete record on appeal for review.

¶ 2    V. Rubi Vazquez appeals *pro se* from an order granting defendants Marco Navarrete and

MJ Auto Service's motion to reconsider and reduce a monetary judgment that had been entered in

favor of Vazquez and against defendants. Vazquez contends that the trial court erred in revising

its original order by disregarding evidentiary material. Because Vazquez did not present a sufficiently complete record on appeal for our review, we must affirm.

¶ 3                                      Background

¶ 4     The background is taken from the limited record on appeal, consisting solely of the common law record.

¶ 5     Vazquez filed a *pro se* small claims complaint alleging defendants owed her $9,242.45, which she had paid for vehicle repairs they did not perform. On September 27, 2024, the trial court in a "trial call order," entered judgment "after trial" in favor of Vazquez and against defendants for $2,784, plus $465.50 in costs.

¶ 6     Defendants timely moved to vacate and reconsider the order, arguing that during trial Vazquez presented an invoice from Wicked Wrench Company that was later determined to only be a partial invoice. According to defendants, the complete invoice showed that defendants completed all the work that Vazquez had requested, contradicting Vazquez's trial testimony. Defendants asked the court to vacate the judgment, award no damages, and grant them $1,500 for attorney and court fees related to the subsequent investigation.

¶ 7     On November 12, 2024, the trial court entered a "trial call order," with both Vazquez and defendants present, granting defendants' motion to reconsider and reducing the amount awarded to Vazquez to $290 plus costs. A few days later, Vazquez moved to reconsider, stating that defendants had been aware of the invoice from Wicked Wrench Company and had presented all evidence in court. After an attorney entered an appearance for Vazquez, a second motion to vacate and reconsider was filed, which the court denied.

¶ 8    On its own motion, this court entered an order taking the appeal on the record and Vazquez's brief only, where defendants failed to file a brief within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where issues are simple and can be decided without additional briefing).

¶ 9                                             Analysis

¶ 10    On appeal, Vazquez contends that the trial court erred in granting defendants' motion to reconsider the final order. She argues that the court disregarded evidence and testimony at trial and declined to admit additional relevant evidence.

¶ 11    At the outset, deficiencies in the record prevent us from reviewing this appeal on the merits. Vazquez, as appellant, bears the burden of presenting this court with a sufficiently complete record to support her claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record are resolved against Vazquez. *Id.* at 392.

¶ 12    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) states that the record on appeal include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323." Under Illinois Supreme Court Rule 323 (eff. July 1, 2017), the report of proceedings may be a transcript of the proceedings, bystanders report, or agreed statement of facts.

¶ 13    Here, the record on appeal lacks a report of proceedings or substitute. The court's written order reducing Vazquez's total award to $290 indicates that both Vazquez and defendants appeared. Without a report of proceeding or an acceptable substitute, this court has no knowledge

of what testimony, evidence and exhibits, and arguments, if any, were presented and the basis for the court's order. Thus, the record is insufficient for our review of the merits of Vazquez's argument on appeal, which relies on the evidentiary materials and testimonies presented to the court. Illinois Supreme Court cases require us to presume that the trial court acted in compliance with the law and had a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 391-92; *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005).

¶ 14    Affirmed.